UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL K. BURRIS,

                                      Plaintiff,

                          -against-

COLUMBIA UNIVERSITY HEALTH
CARE, INC., NEW YORK AND
PRESBYTERIAN HOSPITAL, and
TRUSTAFF TRAVEL NURSES, LLC,

                                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2021

20-cv-09312 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

       The complaint in this action asserts claims arising under the Fair Labor Standard Act. Plaintiff filed a Notice of Voluntary Dismissal [ECF No. 10], seeking to dismiss this action "without prejudice." However, the Court refused to dismiss this action without information regarding whether the dismissal was the result of a settlement between the Parties, which the Court must review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See* ECF No. 11.

       Plaintiff filed a letter explaining that even though the dismissal was the result of a settlement with Defendants, the dismissal is "without prejudice," and, thus, *Cheeks* review is unnecessary. *See* ECF No. 12. However, the Court ordered that Plaintiff must submit the settlement agreement for *in camera* review. *See* ECF No. 13. In particular, the Court sought to assure itself that the dismissal without prejudice was not being used "as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*" by providing for a waiver of claims in the settlement despite the "without prejudice" dismissal. *See Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 142 (E.D.N.Y. Sept. 30, 2017). The inclusion of such provisions constitutes a "*de facto* dismissal *with* prejudice," requiring review under *Cheeks*. *Id.* at 147.

After reviewing the settlement in this case *in camera*, the Court is convinced that *Cheeks* review is required in this case. In particular, the Parties' settlement includes a waiver of all claims that were or could have been alleged in this action and reaffirms that Plaintiff has no right to recover against any of the Defendants.

Accordingly, IT IS HEREBY ORDERED that the parties publicly shall file a copy of the settlement agreement by March 17, 2021. IT IS FURTHER ORDERED that, by March 17, 2021, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees. *Cheeks*, 796 F.3d at 203, 206. The Parties' settlement agreement provides for attorney's fees and costs equal to approximately 45% of the total settlement. The Parties' letter should address the reasonableness of this amount in particular.

IT IS FURTHER ORDERED that the parties, including Plaintiff personally, shall appear via teleconference for a fairness hearing on April 7, 2021 at 11:30 AM.  Defendants are welcome, but not obligated, to attend.  If Plaintiff does not speak English, Plaintiff must provide her own interpreter.  The hearing can be accessed by dialing the Court's teleconference line at (888) 278-0296.  Enter the access code 5195844 when prompted.

SO ORDERED.

Dated:   February 16, 2021
         New York, New York

                                                  MARY KAY VYSKOCIL
                                                  United States District Judge