Law Office of
# Justin A. Zeller, p.c.

Justin A. Zeller
jazeller@zellerlegal.com

John M. Gurrieri
jmgurrieri@zellerlegal.com

Telephone: 212.229.2249
Facsimile: 212.229.2246

March 24, 2021

**VIA ECF**

Hon. Mary Kay Vyskocil, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 PEARL ST
New York, NY  10007-1316

Re: *Burris et al v. Columbia University Health Care, Inc. et al.*, 20 CV 9312 (MKV)

Dear Judge Vyskocil:

  The plaintiff, with defendants' consent, hereby moves for dismissal of this action with prejudice and the Court's approval of the attached settlement agreement as fair to the plaintiff.

  This case is against a former employer, Columbia University Health Care, Inc., The New York and Presbyterian Hospital, and Trustaff Travel Nurses, LLC, ("Defendants"). Plaintiff has alleged her former employer failed to pay her proper minimum wages and overtime pursuant to the Fair Labor Standards Act and New York Minimum Wage Act in addition to failing to provide her with proper wage statements pursuant to the Wage Theft Prevention Act.  Plaintiff alleges that Defendants violated the wage and hour laws and that the Defendants owe Plaintiff back wages and liquidated and statutory damages.  Although Plaintiff brought this case as a putative class and/or collective action, no class or collective has been certified.

  The parties have executed a settlement agreement. Plaintiff has agreed, on an individual basis, to release the Defendants of the claims made in the complaint in exchange for $7,500.00. Payment is due within fourteen days of approval of the settlement agreement and dismissal with prejudice of this action. The Plaintiff's attorneys' portion of the settlement agreement is $2,900.00, and the Plaintiff's portion is $4,600.00. The settlement agreement (revised March 16, 2021) is enclosed.

  In the complaint, Plaintiff alleged that she worked as a resident nurse for Defendants from April 13, 2020, to June 6, 2020. Plaintiff alleges she was paid on an hourly basis, and that Defendants failed to pay Plaintiff for her final workweek and therefore, in that workweek, failed to pay proper minimum wages and overtime and spread-of-hours wages. Plaintiff alleges she worked approximately 46 hours per week. Plaintiff also claims she is owed wages above the minimum wages at her contract rate of $49.00 per hour. Plaintiff also alleges that Defendants failed to furnish Plaintiff with accurate weekly pay stubs in violation of the Wage Theft Prevention Act. Plaintiff also seeks damages for unpaid spread-of-hours wages.

Plaintiff's calculations indicate she is owed $2,560.84 in wages for her final workweek, inclusive of wages owed for minimum wages, overtime, unpaid spread-of-hours wages, and unpaid contract wages, plus an additional amount of $2,560.84 in liquidated damages. Plaintiff also claims a $5,000.00 penalty in statutory damages for Defendants' alleged failure to provide accurate weekly wage statements pursuant to the Wage Theft Prevention Act. Plaintiff points out that Defendants may claim the affirmative defense that the Wage Theft Prevention Act penalties should not apply to any workweek where they properly paid the Plaintiff, and therefore that it only applies to the final workweek which would mean those statutory penalties are $1,000.00 as opposed to $5,000.00. Therefore, Plaintiff's range of possible recovery is $6,121.68 to $10,121.68 plus prejudgment interest.

Defendants assert that, because Plaintiff has been paid the wages she was owed, and, as an employee making above minimum wage, was not entitled to any spread-of-hours pay as a matter of law, any damages, to the extent proven at trial, would be limited solely to liquidated damages and Wage Theft Prevention Act penalties for a maximum of one workweek.  Defendants may also assert the defense that the Plaintiff is exempt from the FLSA an exempt professional because she is a registered nurse.  It is therefore Defendants' position that, should Plaintiff be able to prove entitlement to any damages, the maximum damages Plaintiff would be awarded at trial would be no more than $3,623.84.

Furthermore, although this case was brought as a putative class and/or collective action, it is Defendants' position that the circumstances of Plaintiff's claims were unique – untimely payment for a single workweek occurring at the height of the COVID-19 pandemic – and that no class or collective would ultimately have been certified, as no other employees were similarly situated to Plaintiff.

In sum, a *bona fide* dispute exists with respect to wages owed, whether Plaintiff could prove entitlement to damages, and whether Plaintiff was paid properly for all hours worked. Plaintiff's counsel and Defendants' counsel discussed these issues at length in a series of telephone calls and email exchanges and agreed that in light of this *bona fide* dispute about the extent of damages, settlement would bring both sides certainty and a quick resolution, and so settlement would be in the best interests of both parties.

Employees cannot waive or settle claims under the Fair Labor Standards Act for unpaid minimum wages or overtime, except by settlements supervised by the Department of Labor or judicially-approved settlements of a civil action. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203-06 (2d Cir. 2015).

Plaintiff and Defendants represent to the Court that the settlement agreement is fair to Plaintiff, reasonably resolves *bona fide* disagreements between Plaintiff and Defendants about the merits of Plaintiff's claims; and demonstrates a good faith intention by Plaintiff and Defendants that their claims for liability and damages in this action be fully and finally resolved and not re-litigated in the future.

In *Cheeks*, the Second Circuit did not reach the issue of whether the settlement in that case was worthy of approval.  *See id.* at 203 n.3.  Here, the parties believe that the settlement agreement is fair and reasonable because: (1) the Plaintiff is collecting a substantial sum from a small

employer; and (2) the settlement agreement satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015).

The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." *Id.*

Plaintiff's potential recovery is outlined above. Given the risks of this case and the uncertainty of collecting a judgment, the settlement amount of $7,500.00 is justified. Plaintiff is claiming she is owed a maximum of $2,560.84 in wages, and she is recovering an amount of $4,600.00 which in an amount well above the amount of wages she is claiming she is owed. This amount compromises the liquidated and statutory damages. It is Defendants' position that Plaintiff's settlement is higher than the amount of damages she could have received at trial, inclusive of liquidated and statutory damages.

The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" *Id.* This agreement was reached before the parties began discovery and before any party answered the Complaint.. Therefore, the settlement will cause the parties to avoid the expense and burdens of discovery and trial and the settlement will provide Plaintiff with a prompt payment, as opposed to an uncertain outcome perhaps years in the future if the case is litigated further and potentially appealed. Settling the Plaintiff's claims at this point will avoid continuing litigation costs for all parties. Had this action not settled, the parties would have moved forward with discovery, depositions, motions, trial preparation, trial, and possibly appeals.

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id.* All parties face the inherent risks and expenses imposed by proceeding to a potential trial and post-judgment collection proceedings. Plaintiff faces the additional risk of recovery. Thus, Plaintiff faces serious litigation risks in pursuing the case further.

The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" *Id.* This agreement was reached by arms-length negotiation by experienced employment attorneys, as both Plaintiff's counsel and Defense counsel routinely handle employment cases, including those brought under the FLSA. The Plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in representing employees in wage and hour litigation. Plaintiff's counsel has represented plaintiffs in over 300 actions for such claims in the Southern District of New York alone, and many others in the Eastern District of New York and the District of New Jersey, and in the courts of the State of New York. Defendants' counsel in this case has successfully represented corporations and individual defendants in a multitude of wage and hours matters in federal and state court, including actions arising under the FLSA.

The fifth *Wolinsky* factor examines "possibility of fraud or collusion." *Id.* There is no evidence of any fraud or collusion in this case between the parties to circumvent the wage and hour laws, as evidenced by Plaintiff's receipt of her full (according to Defendants) or near-full (according to Plaintiff) amount of total damages. The agreement arose via arm's length settlement negotiations with opposing counsel.

Lastly, the Court must consider evidence of any factors weighing against approval. There are none.

The settlement agreement also resolves the Plaintiff's attorney's fees and costs. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, Section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

Plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm is John M. Gurrieri who graduated law school in 2013, and was associated with the law firm from February 2014 until July 2017 and again since July 2019.

The amount of attorney's fees to which a party is entitled may be based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); see also *Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS

50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014), *adopted by* 2014 U.S. Dist. LEXIS 116671 (S.D.N.Y. Aug. 18, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Mr. Zeller's reasonable hourly rate has been considered three times by courts and he was found in the Eastern District of New York to be entitled to a rate of $350 in 2015 and $300 per hour in 2011, *see Galicia v. 63-68 Diner Corp.*, No. 13 CV 3689, slip op. at 3–5 (E.D.N.Y. Aug. 13, 2015); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09 CV 1089, 2011 U.S. Dist. LEXIS 120478, at *16 (E.D.N.Y. Oct. 18, 2011), and $250 in this district in 2013. *See Maldonado v. Bistro 1285 Inc.*, No. 11 CV 4294, 2013 U.S. Dist. LEXIS 70815, at *12 (S.D.N.Y. May 13, 2013).

Mr. Gurrieri's reasonable hourly rate has been considered and he was found to be entitled to a rate of $225 in 2020; $225 in 2018, $250 and $225 per hour in 2017; and $250 per hour in 2015. *See Villalva Estrada v. Giovanni's Italian Eatery, Inc.,* 2020 U.S. Dist. LEXIS 151715, *11, 16 CV 6162, (S.D.N.Y. Aug. 20, 2020); *Alvarez v. Nu Bella Nail & Spa I, Inc.*, No. 16 CV 5721, slip op. (E.D.N.Y. June 14, 2018), *Gonzalez-Diaz v. Daddyo's Mgmt. Grp. Inc.*, No. 16 CV 1907, 2017 U.S. Dist. LEXIS 185397, at *14 (E.D.N.Y. Nov. 7, 2017), *adopted by* 2017 U.S. Dist. LEXIS 205344 (E.D.N.Y. Dec. 12, 2017); *Duran v. Superior Cooling LLC*, No. 15 CV 7243, 2017 U.S. Dist. LEXIS 82249, at *20 (E.D.N.Y. May 10, 2017); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, 2015 U.S. Dist. LEXIS 189029, at *18 (S.D.N.Y. Dec. 29, 2015).

Plaintiff would have requested that the Court find reasonable hourly rates of $400 per hour for Mr. Zeller and $300 per hour for Mr. Gurrieri. These rates are within the range previously found reasonable for this nature of action in this forum and account for increased experience by each of these litigators since the Courts mentioned above considered their hourly rates.

To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

Plaintiff includes herewith on behalf of the Law Office of Justin A. Zeller, P.C., the contemporaneous time records of the Plaintiff's counsel, which show 24.7 total hours spent in this case. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management System Information, *available at* [http://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system.html]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiff's counsel of such contemporaneous time records have been found by

the Court to be "complete." *Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676, at **18–19 (S.D.N.Y. Aug. 6, 2013).

Mr. Zeller's hours in the case are 3.9 and Mr. Gurrieri's hours are 7.2. The 11.1 total hours sought are reasonable, appropriately delegated among the involved attorneys requisite to their experience, and necessary to the litigation of this action. As described above, the Plaintiff seeks an hourly rate of $400 per hour for Mr. Zeller and $300 for Mr. Gurrieri. Thus, Plaintiff's attorneys' fees are $3,720.00.

Additionally, the plaintiff's costs total the $400.00 for the filing fee. This expense was prepaid by the Plaintiff's counsel. The Plaintiff includes an enumeration of these costs herewith.

Therefore, the total fees and costs sum to a total lodestar of $4,120.00.

The total amount apportioned as attorney's fees is fair and reasonable because it is less than the lodestar. In addition, it is one-third of the total settlement plus costs. Courts in this Circuit regularly approve fees of one-third plus costs. *See, e.g., Rojas et al. v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *4 (S.D.N.Y. Oct. 10, 2018) (finding attorneys' fees representing one-third of the settlement amount plus costs reasonable); *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. November 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Gutierrez v. Highridge Bagels, Inc.*, No. 17 Civ. 1451 (VLB), 2017 U.S. Dist. LEXIS 90984, at *2 (S.D.N.Y. June 12, 2017) ("[T]he Court finds the attorneys' fees, which are one-third of the recovered amount plus costs, to be fair and reasonable[.]"); *Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 (S.D.N.Y. May 8, 2017) ("One-third contingency fees ... are commonly accepted in the Second Circuit in FLSA cases.").

In addition, the attorneys' fees portion is fair because the proposed allocation was negotiated and agreed to between Plaintiff and Plaintiff's counsel. *See In re Lawrence*, 24 N.Y.3d 320, 339 (2014). Nothing additional is to be paid by the plaintiff to the plaintiff's counsel. The proposed allocation was negotiated and agreed to between the plaintiff and the plaintiff's counsel.

For the foregoing reasons, the parties request the Court find the settlement agreement to fairly compromise Plaintiff's claim under the Fair Labor Standards Act and approve the settlement agreement as fair and reasonable and dismiss this action with prejudice against Defendants.

Respectfully submitted,

*John M. Gurrieri*

John M. Gurrieri

Enclosures (3)